IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE ROSE III,

    Plaintiff,

v.

PLASTIKON INC.,

    Defendant.

No. C 13-05973 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

In this employment action, defendant moves to dismiss for failure to state a claim. For the reasons stated below, the motion to dismiss is **GRANTED**.

## STATEMENT

A January 22 order related the instant action to an earlier action between the same parties. *See Rose v. Plastikon Ind.*, No. 10-04355, 2013 U.S. Dist. Westlaw 6012544 (N.D. Cal. 2011) (order denying plaintiff's motion for summary judgment). The following facts are common to both actions:

From December 2000 to February 2009, plaintiff Willie Rose worked for defendant Plastikon Industries, Inc. as a loader in its shipping and receiving facility in Hayward. In February 2009, Rose, an African-American male, filed an internal discrimination complaint against his supervisor, Neel Prasad. Rose alleges that Plastikon employees harassed and threatened him using discriminatory language, and that Prasad reported Rose to management

on false pretenses. Rose also alleges that he was denied the ability to seek medical assistance while at work. Plastikon fired Rose for verbally threatening Prasad, and an internal discrimination investigation later found that no harassment or discrimination had occurred. Rose then filed a charge of discrimination with the Equal Employment Opportunities Commission. The EEOC closed the claim in July 2010 because it was unable to determine that discrimination had occurred.

In September 2010, Rose filed a Title VII action here. As trial approached, the Court appointed attorney James Brosnahan and his team of young lawyers as *pro bono* counsel for Rose. Despite an outstanding performance by Attorney Brosnahan and his team, a jury unanimously found that Rose had not demonstrated that retaliation was a "motivating factor" in Plastikon's decision to fire him, and in March 2012 judgment was entered in Plastikon's favor. Rose appealed. Rose's Court-appointed counsel withdrew. Rose then proceeded *pro se*. Our court of appeals affirmed.

In the related, new action, Rose accuses Plastikon of "Intentional Discrimination, retaliation, and abuse" (Compl. ¶ 6). The complaint: (1) requests "reconsideration" or alteration of the verdict reached in the related 2010 action, or a new trial; (2) asserts that Rose did not receive a fair trial in the 2010 action; (3) alleges retaliation for activities protected under Title VII of the Civil Rights Act; and (4) alleges unspecified violations of the Americans with Disabilities Act that had been "overlooked" in the 2010 action (Compl. ¶ 5, 10, 11).

Plastikon now moves to dismiss under FRCP 12(b)(6), asserting that Rose's claims are time-barred or precluded by *res judicata*. At the hearing scheduled for 8:00 A.M. on March 20, Rose was not present when the case was called for oral argument. As a courtesy to Rose, the undersigned judge put the case at the end of the calendar and proceeded with other matters. Rose appeared at 8:55, almost an hour later. Rose revealed in argument that he had filed an untimely opposition the morning of the hearing, requesting appointment of counsel and asking for "reference [the] case to binding arbitration, special master, or the Judicial Panel multidistrict Litigation" (Dkt. No. 23 at 2). The new filing was reviewed during a pause in proceedings. Then both sides were heard.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) is proper only "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

### 1. REQUESTS RELATED TO THE 2010 ACTION.

Rose's requests with respect to the 2010 action should have been raised as post-trial motions, but are instead included in his complaint. For the purposes of this order, such requests will be treated as if they were motions in the 2010 action.

#### A. FRCP 59.

Rose petitions for either an alteration of the verdict reached in the 2010 action or a new trial, on the grounds that "the material facts clearly prove that retaliation was overlooked" in the 2010 action (Compl. ¶ 5). Specifically, Rose requests that "the court *reconsider to overturn on the previous decision. . . .* [or] *reconsider a bench trial* for me" (Compl. ¶ 10) (emphasis added). Though Rose does not provide any specific procedural basis for his requests, they will be understood as motions under Federal Rule of Civil Procedure 59(a) or FRCP 59(e).

FRCP 59(a)–(b) (emphasis added):

> The court may, on motion, grant a new trial on all or some of the issues — and to any party — as follows: (1) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . (b) A motion for a new trial must be filed *no later than 28 days after the entry of judgment.*

FRCP 59(e) (emphasis added):

> A motion to alter or amend a judgment must be filed *no later than 28 days after the entry of judgment*.

Neither request can be granted under FRCP 59. Because judgment was entered on March 5, 2012, the deadline has passed for motions under both FRCP 59(a) and FRCP 59(e). To have been timely, Rose would have needed to moved on these grounds by April 2, 2012, almost two years before the commencement of this action. Rose's requests for a new trial or for alteration of the verdict in the 2010 action are both time-barred and therefore are **DENIED**.

3

### C.    Allegations of Fraud.

In justifying his requests related to the 2010 action, Rose also asserts that he did not receive a fair trial because Plastikon "told lies to the court to cover their retaliation against me . . . Plastikon was not in good faith with the court . . . I did not ask for a jury trial" (Compl. ¶ 5, 10).*

A motion for relief from judgment due to fraud under FRCP 60(b)(3), which must be brought within a year of judgment, is time-barred. *See* FRCP 60(c)(1). Even if construed very liberally as a motion for fraud on the court under FRCP 60(d)(3) — which has no time restrictions — Rose would need to present clear and convincing evidence of fraud that undermined the adversary process in order for this court to set aside the verdict. *United States v. Estate of Stonehill*, 660 F.3d 415, 444–45 (9th Cir. 2011). Rose fails to do so, only saying that "the [cross-]examination was so confusing and inaccurate by opposing counsel, it was hard to identify whether he was affirming my claims or [Plastikon's]" (Compl. ¶ 8). Confusing cross-examination does not rise to the level of clear and convincing evidence under *Stonehill*. To the extent that Rose might request relief from the 2010 verdict under FRCP 60 on the basis of fraud, his requests are **DENIED**.

2.    **CLAIMS AND REQUESTS IN THE CURRENT ACTION.**

A.    **Claims under Title VII of the Civil Rights Act.**

*Res judicata* precludes Rose from relitigating his Title VII retaliation claims. *Res judicata* applies:

> Whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties . . . Newly articulated claims based on the same transactional nucleus of facts may still be subject to a *res judicata* finding if the claims could have been brought in the earlier action . . . It is immaterial whether the claims asserted subsequent to the judgment were actually pursued.

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077–1078 (9th Cir. 2003) (quotations omitted). Rose's Title VII retaliation claims share a common nucleus of facts with the 2010 action. Both complaints

---

\*   In his handwritten complaint commencing the 2010 action, Rose neatly checked the box requesting a jury trial. *Rose v. Plastikon Ind.*, No. 10-04355 (N.D. Cal. 2011) (Dkt. No. 1 at 3).

4

are based on allegations that Plastikon employees harassed Rose in retaliation for filing a discrimination complaint against his supervisor in February 2009 (Compl. ¶ 8). *Rose v. Plastikon Ind.*, No. 10-04355 (N.D. Cal. 2011) (Dkt. No. 1 at 2). Rose does not attempt to distinguish the factual basis for the two actions. In fact, much of the complaint consists of a photocopied motion petitioning our court of appeals for rehearing in the 2010 action (Compl. ¶ 8–12). Because the 2010 action reached final judgment on the merits following a jury trial, and involved the same parties as the current action, Rose's Title VII retaliation claims are barred by *res judicata* and must be, under the law, **DISMISSED WITH PREJUDICE**.

### B.  Claims under the Americans with Disabilities Act.

The complaint also alleges that Rose "suffered physical and mental abuse from [Plastikon's] constant retaliation," and that Plastikon "disregarded [Rose's] medical and disability conditions and stopped compensation to [him]" (Compl. ¶ 5). Rose also asserts that "material points of facts or laws [were] overlooked in the decision" and later includes a summary of the Americans with Disabilities Act under the heading, "THE LAWS THAT [WERE] OVERLOOKED" (Compl. ¶ 8, 11). If Rose were to successfully plead a new ADA violation, he would first need to show — as he did in the 2010 action — that he filed a claim with the EEOC within 180 days of the alleged violation. 42 U.S.C. §§ 12117(a), 2000e-5. Rose has not done so here. Because the relevant facts are alleged to have occurred in February 2009, any new EEOC complaint would be time-barred.

While Rose's new ADA claims would be time-barred, those derived from Rose's earlier EEOC complaint would be barred by *res judicata*. His 2010 discrimination complaint with the EEOC alleged that he had suffered "physical and mental abuse." *Rose v. Plastikon Ind.*, No. 10-04355 (N.D. Cal. 2011) (Dkt. No. 1 at 6). The complaint in the 2010 action alleged that Plastikon "denied [Rose] permission to seek medical assistance for a[n] injury and disability." *Ibid.* Because Rose's ADA claim in this action is based on the same nucleus of facts as the 2010 action, and the 2010 action reached final judgment on the merits and involved the same parties, such claims are barred by *res judicata*.

Rose's ADA claims are barred by time or *res judicata*; they must be, under the law, **DISMISSED WITH PREJUDICE**.

5

**C.     Requests for Appointment of Counsel and Change of Venue**.

In his late opposition presented at the March 20 hearing, Rose requested appointment of counsel and that his case be referred to arbitration, to the United States Judicial Panel on Multidistrict Litigation, or to a special master. This order declines to appoint counsel. It also finds that there is no arbitration agreement between the parties, no good cause to send this case to a special master, and no jurisdiction to refer it to the Judicial Panel on Multidistrict Litigation. These requests are therefore **DENIED**.

### 3.     JUDICIAL NOTICE.

Plastikon requests judicial notice of various documents from the 2010 action, including the complaint, verdict, and entry of judgment. Undisputed matters of public record may be noticed under Federal Rules of Evidence 201(b). *Lee v. City of Los Angeles*, 250 F. 3d 668, 689 (9th Cir. 2001). The request for judicial notice is **GRANTED**.

### CONCLUSION

For the reasons stated above, the motion to dismiss is **GRANTED**. Mr. Rose and his *pro bono* counsel in the 2010 action put on a good case at trial, as did the defense. It could have gone either way. There was a fair trial, well-tried on both sides. Mr. Rose is urged to please respect the jury verdict. If he wishes to pursue this further, his next step would be to file an appeal within thirty days.

**IT IS SO ORDERED.**

Dated: March 21, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE